**Frances SMITHWICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–94–00147–CR, 04–94–00148–CR.**

Court of Appeals of Texas,
San Antonio.

June 30, 1994.

Douglas Tinker, Corpus Christi, for appellant.

Joe Frank Garza, Tamara L. Cochran–May, Dist. Attorney's Office, Alice, for appellee.

Before CHAPA, C.J., and STONE and HARDBERGER, JJ.

**OPINION**

STONE, Justice.

### ORDER DENYING HABEAS CORPUS RELIEF REVERSED AND RELIEF RENDERED.

Appellant was indicted for the offenses of murder and injury to a child, each being a separate indictment arising from the same transaction. In each case, a $250,000 bond was set making the total bond $500,000. On March 7, 1994, appellant presented her Application for Writ of Habeas Corpus for Reduction of Bail to the trial court. After a hearing before the Hon. Terry A. Canales, district judge of the 79th Judicial District, Jim Wells County, Texas, the court denied the reduction of bail and this appeal ensued.

Appellant's common law husband testified at the bail reduction hearing that the only real estate he and appellant own is their home in Alice, Texas. Appellant is unemployed, and her husband, based with the Merchant Marines in Virginia under contract to the Department of Defense, testified that his annual income varied between $55,000 and $72,000 and that he had a small savings account. Appellant stated that she had no assets other than her homestead which her

husband roughly valued at $60,000. Her son also testified that he suffered from kidney failure and relied upon appellant for assistance in his medical maintenance routine. Appellant's counsel introduced as an exhibit a four-page petition purported to contain signatures of members of the community who were in support of bail reduction in this matter. The State presented no objection to this exhibit. Appellant argues that under these circumstances, bail is set oppressively high and the failure to reduce it was an abuse of discretion.

The Jim Wells county sheriff testified that no one has approached him or offered a bond in appellant's case. In addition, the testimony revealed that appellant has close ties in Michigan and Virginia to which she might be inclined to flee rather than face a first degree felony trial. The State produced evidence that appellant had been away from Texas much of the time since the disappearance of the victim two years ago. Appellant testified that she visited a daughter and grandchildren in Michigan on several occasions, and visited her husband in Virginia every six months. Although appellant was under no obligation at that time to seek permission of the sheriff before leaving the state, the sheriff testified that appellant did call the sheriff upon her return to Alice after such absences.

■ "The primary purpose or object of an appearance bond is to secure the presence of the defendant in court for the trial of the offense charged." *Ex parte Rodriguez,* 595 S.W.2d 549, 550 (Tex.Crim.App.1980); *see also Ex parte Ivey,* 594 S.W.2d 98, 99 (Tex. Crim.App.1980); *Ex parte Vasquez,* 558 S.W.2d 477, 479 (Tex.Crim.App.1977). Bail should be set sufficiently high to give reasonable assurance that the defendant will appear at trial, yet it should not be used as an instrument of oppression. *Ex parte Ivey,* 594 S.W.2d 98, 99 (Tex.Crim.App.1980); *Ex parte Vasquez,* 558 S.W.2d 477, 479 (Tex. Crim.App.1977).

■ The burden is on the person seeking a reduction to show that the bail set is excessive. *Ex parte Rubac,* 611 S.W.2d 848, 849 (Tex.Crim.App.1981) (bail pending appeal); *Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex.Crim.App.1980); *Ex parte Rodriguez,*

595 S.W.2d 549, 550 (Tex.Crim.App.1980); *Ex parte Vasquez,* 558 S.W.2d 477, 479 (Tex. Crim.App.1977).

Article 17.15 of the code of criminal procedure lists the following factors to be considered in determining the appropriate amount of bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex.Code Crim.Proc.Ann., art. 17.15 (Vernon Supp.1994); *Ex parte Rodriguez,* 595 S.W.2d at 550; *see also Ex parte Ivey,* 594 S.W.2d at 99; *Ex parte Vasquez,* 558 S.W.2d at 480 (circumstances of offense; authorized punishment; ability to make bail).

■ While an accused's ability to make bail may be considered, it is not dispositive. *Ex parte Rodriguez,* 595 S.W.2d at 550; *see also Ex parte Ivey,* 594 S.W.2d at 99; *Ex parte Vasquez,* 558 S.W.2d at 480.

Although the ability to make bail is a factor to the considered, ability alone, even indigency, does not control the amount of bail. In considering the nature of the offense, it is appropriate to consider the possible punishment as well. Although the bail should be high enough to give reasonable assurance that the undertaking will be complied with, the amount should not be oppressively high.

*Ex parte Charlesworth,* 600 S.W.2d at 317.

The facts surrounding the offense were not developed at the hearing. The State offered no evidence that the welfare of the community would be at risk were the petitioner to be released on bail to contradict the evidence of community members who signed the petition

in favor of bail reduction. The trial court observed that the offenses charged carried penalties of first degree felonies. In reviewing the guiding principles of article 17.15, the court found that hearsay testimony was not persuasive on the issue of ability to pay the bond. In particular, no effort was shown to make a bond on appellant's behalf. The court found this evidence insufficient to prove that the bond amounts were unreasonable under the facts presented.

In *Ludwig v. State,* 812 S.W.2d 323 (Tex. Crim.App.1991), the trial court set bail at $2,000,000 for two murder and one capital murder charges. The court of appeals reduced bail to $1,000,000. The court of criminal appeals found that amount excessive and set bail at $50,000.

Recently, this court reviewed excessive bail in capital murder cases in *Ex parte McDonald,* 852 S.W.2d 730 (Tex.App.—San Antonio 1993, no writ). McDonald's bail had originally been set at $1,000,000 where the accused was indicted for killing his ex-wife during a kidnapping attempt. McDonald reported the crime and turned himself in to the police. A long-time resident of the city, he lived with his ailing mother and had few assets. The victim's son testified that he feared McDonald. Nevertheless, we found the $1,000,000 bail oppressively high because it was far higher than necessary to insure that the defendant would appear at his trial and we reduced the bail amount to $75,000. We noted, however, that each case must be evaluated upon its unique facts. Thus, $500,000 might very well be a reasonable bail under the proper set of facts. *See McDonald,* 852 S.W.2d at 735 n. 4.

In cases such as these we are ever mindful that the offense charged is a very serious matter carrying with it a correspondingly harsh penalty. Counterbalancing this concern are the rights guaranteed defendant under the Texas Constitution, our responsibilities under the Texas Constitution, and our obligation to uphold the Texas Constitution and adhere to its principles. *McDonald,* 852 S.W.2d at 735–36.

█ Based upon constitutional principles, the Texas Code of Criminal Procedure articles 1.08 and 1.09, factors enumerated in article 17.15, case law, and evidence presented at the writ hearing, we conclude that $500,000 bail is excessive in this case. Appellant has requested that bail be reduced to $10,000 for each charge or a total of $20,000. We think that more than $20,000 is warranted under the circumstances. In 1991, the *Ludwig* court found $50,000 reasonable and necessary to insure the appearance of defendant in a capital murder case. A $75,000 bail was determined appropriate in *McDonald.*

The point of error is sustained. The order denying habeas corpus relief is reversed. The relief sought is granted to the extent that appellant's bail is ordered reduced and set at $50,000 for each cause, or a total of $100,000. As always, if appellant is released on bond, the trial court may impose conditions authorized by law.