**Thomas EGGLESTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–95–00847–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 9, 1996.

Mario A. Trevino, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

This is an appeal from the denial of habeas corpus relief. Appellant, indicted for murder, challenged the $1,000,000 pretrial bail amount as being excessive. The matter was referred to criminal law magistrate Andrew Carruthers who heard the evidence and denied appellant's request for reduction in the bail amount. We find the bail is excessive and accordingly reduce bail to $300,000 in this case.

### Facts

Eggleston was arrested and ultimately indicted for the murder of his nine-year-old son whom he had reported kidnapped from a local mall. The badly beaten body of the child was found lying face down in a river bed in a neighboring county.

The record in the present case shows that appellant's mother, whose income is derived from social security payments, and sisters have been able to put together approximately $400 to $600 toward a bond. Appellant's mother testified that she had been turned down by several bondsmen. She further testified that appellant's military income was unavailable, i.e., it had been frozen by the military because of the pending charges,[1] and that his other assets, including personal and real property, were tied up in divorce proceedings. She was unfamiliar with the couple's community property holdings. No other witnesses were presented to develop this information. She testified that she had briefly hired a lawyer for her son but could not afford the additional retainer required.

Appellant's mother also testified that her son had not attempted to flee when he became a target of the investigation, that he had been arrested at her home, and that to the best of her knowledge appellant did not have a previous criminal record. She stated he would not be a flight risk because he was subject to military control. On cross-examination, she admitted that appellant had lived all over the world during his military career. He also had contacts in a number of other states. He had been transferred to San Antonio the previous month.

The State called to the stand Detective Richard Fischer, the San Antonio police officer who supervised the investigation of this case. Detective Fischer testified that appellant had given conflicting information about the alleged abduction of his son from the shopping mall. He had also interviewed appellant's girlfriend who stated that appellant had beaten the child and that the child had died in appellant's apartment. In addition, appellant had told Fischer that, while under surveillance, appellant had been able to leave his apartment undetected.[2]

The State also presented evidence of the autopsy indicating the cause of death and a history of earlier beatings. Fischer presented additional evidence of appellant's numerous out-of-state contacts and appellant's prior criminal history, i.e., assault and sexual assault of his daughters, which had been substantiated by a military investigation. Fischer's background investigation revealed that one daughter had recanted these charges "to live with her family once again."

### Excessive Bail

■ Appellant raises a single point of error asserting that the bail amount is oppressive, citing our opinion in *Smithwick v. State*, 880 S.W.2d 510 (Tex.App.—San Antonio 1994, no. pet.), and the court of criminal appeals' decision in *Ludwig v. State*, 812 S.W.2d 323 (Tex.Crim.App.1991). Both of

---

1. A copy of a military pay statement issued to appellant covering his military pay for the month of October 1995 was received by the court of appeals clerk's office on November 27, 1995. Because this document does not appear in the record from the hearing below, we cannot properly consider it on appeal. *See Sabine Offshore Service, Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1979); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex.App.—Austin 1991, writ denied).

2. An additional document was received by the court of appeals clerk's office on November 27, 1995, concerning an interview an army chaplain had with appellant on August 22, 1995. This letter does not appear to have been presented to the trial court, and, therefore, we will not consider it for purposes of this appeal. *See* note 1, supra.

the cited cases involved million dollar bail amounts for murder indictments that were ultimately reduced on appeal to six figures or less.

 It is clear that "[t]he primary purpose or object of an appearance bond is to secure the presence of the defendant in court for the trial of the offense charged." *Smithwick v. State,* 880 S.W.2d 510, 511 (Tex. App.—San Antonio 1994, no pet.) (quoting *Ex parte Rodriguez,* 595 S.W.2d 549, 550 (Tex.Crim.App.1980)); *see also Ex parte Ivey,* 594 S.W.2d 98, 99 (Tex.Crim.App.1980); *Ex parte Vasquez,* 558 S.W.2d 477, 479 (Tex. Crim.App.1977). Bail should be set sufficiently high to give reasonable assurance that the defendant will appear at trial, but it should not be used as an instrument of oppression. *Ex parte Ivey,* 594 S.W.2d at 99; *Ex parte Vasquez,* 558 S.W.2d at 479.

 The burden is on the person seeking a reduction to show that the bail set is excessive. *Ex parte Rubac,* 611 S.W.2d 848, 849 (Tex.Crim.App.1981) (bail pending appeal); *Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex.Crim.App.1980); *Ex parte Rodriguez,* 595 S.W.2d 549, 550 (Tex.Crim.App.1980); *Ex parte Vasquez,* 558 S.W.2d at 479.

Article 17.15 of the code of criminal procedure lists the following factors to be considered in determining the appropriate amount of bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM.PROC.ANN., art. 17.15 (Vernon Supp.1996); *see also Ex parte Rodriguez,* 595 S.W.2d at 550; *Ex parte Ivey,* 594 S.W.2d at 99; *Ex parte Vasquez,* 558 S.W.2d at 480 (circumstances of offense; authorized punishment; ability to make bail). Appellant's entire argument is that the million dollar bail amount is being used as an instrument of oppression.

The State argues that the facts of this case sustain a million dollar bail. We agree that this is a case that warrants a substantial bail to ensure appellant's appearance at trial and insure the safety of the community. In that regard we consider the brutality of the crime, the duplicity involved in perpetrating a kidnapping scheme to account for the disappearance of the child, the evasion appellant bragged about to the detective when he was arrested, concern for the safety of other witnesses who have been interviewed during the investigation, and a history of violence toward other members of his family. The testimony of appellant's mother is inconclusive on the ability of appellant to pay a substantial bail.

The record in this case differs from that in *Ex parte McDonald,* 852 S.W.2d 730 (Tex. App.—San Antonio 1993, no pet.). Although both cases involved the murder of a family member, McDonald was a long-time resident of San Antonio who had voluntarily surrendered to police before they knew that a crime had occurred. *Id.* at 735. McDonald's financial picture was also fully developed at the bail reduction hearing. In light of these factors, McDonald's bail was reduced on appeal to $75,000.

In the present case, the trial court was given no assurance through competent testimony that the military could insure that appellant would appear at trial and only sketchy information about appellant's financial ability to make a bond in any amount. Further, appellant had resided in San Antonio for only approximately one month before he was arrested.

Appellant seeks a reduction in bail to $15,000. The State suggests that a bond of at least $500,000 is warranted under these facts. In *Smithwick,* another case involving the murder of a child, we held that $500,000 was excessive bail to insure the appearance of the appellant at trial. *Smithwick v. State,* 880 S.W.2d at 512 (bail reduced to $100,000). At

the bond reduction hearing, however, Smithwick established herself as a long-time resident of the community, she had a son with a kidney ailment who depended on her to transport him for regular treatment, and she provided considerably more evidence on the ability to pay for a bond than has been presented in the case at bar. It is also noteworthy that the State failed to develop any of the facts surrounding the offense in *Smithwick.* *See id.* at 510–12. In the present case, the State did present evidence of their investigation of the crime and the background of the appellant.

### Conclusion

As we have stated previously in such cases,

we are ever mindful that the offense charged is a very serious matter carrying with it a correspondingly harsh penalty. Counterbalancing this concern are the rights guaranteed defendant under the Texas Constitution, our responsibilities under the Texas Constitution, and our obligation to uphold the Texas Constitution and adhere to its principles.

*Smithwick,* 880 S.W.2d at 512; *McDonald,* 852 S.W.2d at 735.

Balancing these factors with the circumstances of this case we conclude that bail in the amount of $1,000,000 is excessive. Point of error one is sustained. The order denying habeas corpus relief is reversed. The relief sought is granted to the extent that appellant's bail is ordered reduced and set at $300,000.