**Ex parte Simon GARCIA.**

No. 04–00–00305–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 10, 2001.

---

Ray Taylor, Robert H. Featherston, Taylor & Correa, P.C., San Antonio, for appellant.

Scott Roberts, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice.

Opinion by: TOM RICKHOFF, Justice.

Appellant Simon Garcia was indicted for indecency with a child and filed a pretrial application for writ of habeas corpus alleging the bond of $50,000 was excessive. After a hearing, the trial court denied relief. We affirm.

## Factual and Procedural Background

Garcia was charged with indecency with a child, a second degree felony. *See* TEX. PEN.CODE ANN. § 21.11 (Vernon Supp. 2000). The police report concerning the incident was admitted into evidence at the habeas corpus hearing. The complainant was a ten year old girl at the time of the incident. She stated the incident occurred behind a church while Garcia was smoking marijuana. Garcia offered her some marijuana, and when she refused, "he touched and grabbed her on her private parts between her legs." (quoting police report). Bond was initially set at $50,000, and Garcia applied for a writ of habeas corpus alleging the bond was excessive. The trial court heard the testimony of Garcia's adoptive father and refused to reduce the bond.

## Excessive Bail

Garcia raises three appellate issues contending the amount of the bond is excessive: 1) the amount is unreasonable, and the trial court abused its discretion in refusing to reduce the bond; 2) the amount violates his right to reasonable bail under the Eighth Amendment to the United States Constitution and Article 1, Sections 11 and 13 of the Texas Constitution; and 3) the trial court refused to exercise its discretion by following the Bexar County Felony Bond Schedule.

The primary purpose of bail is to secure the presence of the defendant in court to be tried for the offense charged. *See Eggleston v. State*, 917 S.W.2d 100, 102 (Tex.App.—San Antonio 1996, no pet.) Bail should be set high enough to reasonably assure the defendant's appearance at trial, but should not be used as an instrument of oppression. *Id.* The burden is on Garcia to show the bail set is excessive. *See id.* We review the decision setting bail under an abuse of discretion standard. *Ex Parte Wood*, 952 S.W.2d 41, 42 & n. 1 (Tex.App.—San Antonio 1997, no pet.) (observing prior cases held there was no recognized standard of review); *see* TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp. 2000) (setting forth rules governing the trial court's exercise of discretion).

Article 17.15 of the Texas Code of Criminal Procedure sets forth five factors to be considered by the trial court in setting the amount of bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp.2000).

■ Garcia also argues the Texas and Federal Constitutions are violated by the bail setting. Reasonableness is the touchstone of both constitutional protections and of the exercise of discretion under the Code of Criminal Procedure by the magistrate. Because Garcia does not offer any meaningful distinction among these issues, we examine them together.

The evidence showed Garcia, who is nineteen years old and unmarried, could stay with his adoptive father and brother if released on bail. Garcia's mother and other relatives, however, reside in California. Garcia had also indicated to his father he "wanted to work construction," but Garcia has no job to return to. The evidence showed Garcia had a history of depression requiring medication and, on one occasion, hospitalization. Finally, there was testimony Garcia had been subjected to physical attacks in jail.

■ Garcia is charged with indecency with a child, a second degree felony which, upon conviction, carries a sentence of two to twenty years imprisonment. *See* TEX. PEN.CODE ANN. §§ 12.33 & 21.11 (Vernon 1994 & Supp.2000). The victim in this case was ten years old at the time of the offense, and a student of Garcia's adoptive father. The seriousness of the offense and the youth of the victim are among the factors the trial court may consider in setting bail.

■ There was testimony concerning Garcia's ability to make bail. Garcia's only personal assets consist of $15 in a savings account. His father has $800 cash available to contribute to Garcia's bail and a home worth $55,000 and a vehicle worth $17,000. While Garcia's ability to make bail should be considered in setting an appropriate bond, it is not dispositive. *Smithwick v. State*, 880 S.W.2d 510, 511 (Tex.App.—San Antonio 1994, no pet.)

■ The Bexar County Bond Schedule is designed to help magistrates set bail initially. Once a hearing is held on the amount of bail, this court has recognized the schedule should not be used. *See Esquivel v. State*, 922 S.W.2d 601, 604 (Tex. App.—San Antonio 1996, no pet.). The court should consider the factors set forth in the statute. *Id.* We do, however, recognize the schedule as a guide which in a general way includes certain factors, particularly the nature of the crime, its severity, and whether it was committed against a specially protected class (such as children, the elderly, and victims of domestic violence). In any event, this court does not review the trial court's mental process in determining bail, we instead review the appropriateness of the conclusion, i.e., whether the amount of bail is reasonable. *See id.* Considering the evidence in light of the factors set forth in article 17.15 of the Texas Code of Criminal Procedure, we believe the bail in the amount of $50,000 is not unreasonable or excessive. Garcia's first and second issues are overruled.

■ Garcia's third point states the trial court refused to exercise its discretion in setting bail by following the Bexar County Felony Bond Schedule. In his ruling from the bench, the trial judge stated:

The felony bond schedule requires a minimum bond of $15,000 for a second degree felony. And the language is also mandatory that the allegation of the

child victim requires that $50,000 be added to that base of $15,000. So under the felony bond schedule, this bond is about $15,000 under that. I have not been authorized by the district judges to vary from the felony bond schedule, so I will have to deny bond reduction, in that this bond is at [$]50,000, that's [$]15[,000] under what the bond schedule demands.

Garcia contends the foregoing statement demonstrates the trial judge refused to exercise discretion and set bail pursuant to the factors set forth in article 17.15 of the Texas Code of Criminal Procedure. While it is clear the trial judge is using the schedule as a guide, the bond was not set in the amount required by the schedule. We conclude, therefore, Garcia has not shown the court failed to exercise its discretion in setting bail at $50,000, which is $15,000 below what the schedule requires. Garcia's third issue is overruled.

The judgment of the trial court is affirmed.