

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-13-00421-CR**

EX PARTE JUAN MANUEL PICENO

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

This is an accelerated appeal from an order denying relief on a pretrial writ of habeas corpus, through which Appellant Juan Manuel Piceno sought to have his bail reduced from $500,000.[2] We reverse and remand.

---

[1]*See* Tex. R. App. P. 47.4.

**Facts**

Appellant's criminal history included adjudications as a juvenile for terroristic threat[3] and two burglaries of a habitation. As an adult, Appellant was convicted in 2010 for possessing marihuana and evading arrest or detention. The next year, he was arrested for another burglary of a habitation but pled guilty to a reduced charge of Class A misdemeanor theft.

Appellant was nineteen years old when, on July 6, 2012, a fifteen-year-old girl told authorities that she had engaged in sexual contact and sexual intercourse with him the previous morning. When he was questioned in March 2013 about the allegations, Appellant denied having had sexual contact or intercourse with the girl. Laboratory testing of DNA samples collected during the girl's sexual-assault examination, however, linked Appellant to the offense.

---

[2]We have jurisdiction over this appeal because it is an appeal from an order denying habeas relief and not an interlocutory appeal from an order setting bail. *Compare Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (holding that courts of appeals lack jurisdiction to consider interlocutory appeals from pretrial orders denying motions for bail reduction), *with Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. [Panel Op.] 1978) ("The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus."); *see Ex parte Okere*, 56 S.W.3d 846, 850–51 (Tex. App.—Fort Worth 2001, pet. ref'd) (holding that the court had jurisdiction over appeal of denial of habeas application when the trial court considered and resolved the merits of the application).

[3]Appellant's criminal history, admitted at the writ hearing without objection as State's Exhibit 8, indicates that this terroristic threat was reduced from an original charge of aggravated assault with a deadly weapon.

Based on the girl's report and the DNA results, Appellant was finally arrested for sexual assault of a child sometime toward the end of July 2013.

Before his arrest on that charge, Appellant was arrested in January 2013 for possessing marihuana and tampering with evidence, and he was released on a $25,000 bond. That summer, while still on bond and before his arrest for the sexual assault, Appellant was arrested again for another burglary, which was alleged to have been committed in January 2013; for possession of marihuana, alleged to have been committed in June 2013; and for state-jail-felony possession of a controlled substance, alleged to have been committed in July 2013. Again, the trial court released Appellant on bond for each of these cases.

When Appellant was arrested on the sexual-assault-of-a-child charge in late July 2013, the trial court set his bail at $500,000, and Appellant sought relief on habeas corpus.

At the time of the hearing on the writ, Appellant had been in jail on the sexual-assault-of-a-child case for forty-five days but had still not been formally charged on the burglary or drug cases for which he had been arrested and released earlier.

Appellant testified at the writ hearing that he could not make the $500,000 bail but thought that with help from his family he could come up with enough if the trial court lowered the bail to $10,000. He testified that a bail bondsman had told him he would need $50,000 to post a $500,000 bond but that he thought $300 to $400 would cover a $10,000 bond.

Appellant also testified that he had lived in Wichita Falls for all his twenty years, the last ten of which at the same address with his parents, sister, and brother-in-law. He said that his sister had helped transport him to and from all his court dates and that he had never missed one. Appellant further testified that he had other arrests for other offenses but that he had surrendered himself upon learning that he had warrants out for his arrest.

Appellant had no assets and was currently unemployed but believed that Whataburger or McDonald's would hire him because he had worked for those businesses in the past.

In refusing to lower the bail, the trial court judge stated that he had taken "into account the nature of the alleged offense and the other matters contained in the criminal record and the convictions" and found "it to be in the best interest of the community and of the safety of the community to deny the application for Writ of Habeas Corpus and the bond shall remain where it is at the [$]500,000."

**Standard of Review**

Setting bail is committed to the sound discretion of the trial court, but the exercise of that discretion is governed by law. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 13; Tex. Code Crim. Proc. Ann. art. 17.15 (West 2005). In setting bail, the trial court must strike a balance between the defendant's presumption of innocence and the State's interest in assuring the defendant's appearance at trial. *Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd). Both the federal and state constitutions prohibit excessive bail. *See* U.S. Const.

4

amend. VIII; Tex. Const. art. I, § 13. Bail is excessive if it is "set in an amount greater than is reasonably necessary to satisfy the government's legitimate interests." *Beard*, 92 S.W.3d at 573. In addition to the constitutional prohibition against excessive bail, the Texas Legislature has imposed the following statutory requirements:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex.Code Crim. Proc. Ann. art. 17.15.

In setting the amount of bail, the trial court may also give consideration to such factors as (1) the accused's work record, (2) his family and community ties, (3) length of residency, (4) prior criminal record, (5) conformity with previous bond conditions, (6) the existence of any other bonds outstanding, and (7) aggravating circumstances alleged to have been involved in the charged offense. *See Maldonado v. State*, 999 S.W.2d 91, 93 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (citing *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981)).

5

We review the trial court's ruling on a request to reduce bail under an abuse-of-discretion standard. *See Rubac*, 611 S.W.2d at 850; *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.). To determine whether the trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). We must not disturb the trial court's ruling if it was within the zone of reasonable disagreement. *Clemons*, 220 S.W.3d at 178.

## Analysis

### Statutory factors

### *Sufficient bail to assure appearance but not oppress*

The first two statutory factors are interrelated. The primary purpose of an appearance bond is to secure the presence of the accused at trial on the offense charged. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980). Thus, the amount of bail must be high enough to give reasonable assurance that the accused will appear as required. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980). However, while bail should be sufficiently high to give reasonable assurance that the accused will appear, the power to require bail should not be used as an instrument of oppression. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). This occurs when the trial court sets bail at an

6

amount "for the express purpose of forcing appellant to remain incarcerated" pending trial or appeal. *See Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.).

There are several older cases involving different offenses in which the reviewing courts reduced the bail amounts after finding that the trial courts' bail amounts were excessive. *See, e.g., Ludwig v. State*, 812 S.W.2d 323, 325 (Tex. Crim. App. 1991) (reducing bail amount in a murder case from $1,000,000 to $50,000); *Ivey*, 594 S.W.2d at 100 (aggravated robbery, reducing bail amount from $250,000 to $50,000); *Ex parte Vasquez*, 558 S.W.2d 477, 480 (Tex. Crim. App. 1977) (capital murder, reducing bail from $100,000 to $20,000); *Ex parte Bufkin*, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977) (conspiracy to commit capital murder, reducing bail from $150,000 to $15,000); *Smithwick v. State*, 880 S.W.2d 510, 512 (Tex. App.—San Antonio 1994, no pet.) (murder and injury to child, reducing bail from $500,000 to $100,000); *Ex parte McDonald*, 852 S.W.2d 730, 735–36 (Tex. App.—San Antonio 1993, no pet.) (capital murder case, reducing bail from $1,000,000 to $75,000). As commentators as well as one of our sister courts have observed, however,

> 'Case law is of relatively little value in addressing the ultimate question of the appropriate amount of bail in a particular case' because appellate decisions on bail matters are often brief and avoid extended discussions, and because the 'cases are so individualized that generalization from results reached in others is difficult.'

*Beard*, 92 S.W.3d at 571 (citing 41 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 16.51 (2d ed. 2001)). We note that in none of these cases—a number of which involve murder—was any amount upheld that was as high as in the instant case.

### *Nature of offense*

The third factor under article 17.15 is the nature of the offense for which the defendant is charged and the circumstances under which it was committed. Tex. Code Crim. Proc. Ann. art. 17.15. Appellant is accused of committing sexual assault of a child against a fifteen-year old when he was nineteen years old. The probable-cause affidavit supporting the warrant for Appellant's arrest is in the record. It describes the allegations against Appellant, including that he denied having sexual contact or intercourse with the underaged complainant but that his denials were contradicted by DNA evidence collected after the complainant underwent a rape exam. There were no aggravating factors alleged, such as use of threats or force or use or display of a deadly weapon; still, the record reflects that the nature of the offense and the alleged circumstances surrounding its commission are serious.

When reviewing the appropriate bail for a particular offense, appellate courts often compare bail amounts in other cases involving offenses of the same degree. This is because such offenses carry the same punishment range, which is a proper consideration in determining the nature of the offense charged. *See*

8

*Charlesworth*, 600 S.W.2d at 317; *Vasquez*, 558 S.W.2d at 480; *Maldonado*, 999 S.W.2d at 95.

Appellant stands charged for sexual assault of a child. As alleged, the offense is a second-degree felony. *See* Tex. Penal Code Ann. § 22.011(a)(2), (f) (West 2011). The punishment for a second-degree felony is imprisonment for two to twenty years, plus a fine not to exceed $10,000. *Id.* § 12.33.

In 2011, one of our sister courts noted that it had previously approved bail amounts ranging from $100,000 to $600,000 for first-degree-felony offenses and amounts ranging from $30,000 to $75,000 for second-degree felonies. *Ex parte Tata*, 358 S.W.3d 392, 399 n.6 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd). Cases from our sister courts are generally consistent within this range. *See, e.g., Ex parte Garcia*, 100 S.W.3d 243, 245 (Tex. App.—San Antonio 2001, no pet.) ($50,000 for indecency with a child); *Briones v. State*, 76 S.W.3d 591, 592 (Tex. App.—Corpus Christi 2002, no pet.) ($75,000 for possession of 950 pounds of marihuana); *Ex parte Sabur-Smith*, 73 S.W.3d 436, 437 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (reducing bail from $150,000 to $30,000 for sexual assault); *Ex parte Bogia*, 56 S.W.3d 835, 836 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (reversing and reducing bail from $360,000 to $10,000 for second-degree-felony theft); *Esquivel v. State*, 922 S.W.2d 601, 602 (Tex. App.––San Antonio 1996, no pet.) (affirming $150,000 bond on fifteen counts of sexual assault, indecency with a child, and prohibited sexual conduct); *Ex parte Bell*, 784 S.W.2d 577, 579 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd, untimely

filed) (reducing $50,000 bond to $10,000 for burglary of a habitation with intent to commit sexual assault).

As previously noted, the bail assessed in this case is above or within the range of bail amounts approved for first-degree felonies. *See, e.g., Ex parte Carson*, 215 S.W.3d 921, 924 (Tex. App.—Texarkana 2007, no pet.) (setting bail at $1,000 in case involving first-degree-felony drug possession); *Gonzalez v. State*, 996 S.W.2d 350, 353 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (approving $90,000 bail set in aggravated robbery case); *Pharris v. State*, No. 14–06–00788–CR, 2006 WL 3313323, at *1, *2 (Tex. App.—Houston [14th Dist.] Nov. 16, 2006, pet. ref'd) (mem. op., not designated for publication) (approving $500,000 bail set in case involving first-degree-felony theft); *Tran v. State*, No. 01–06–00035–CR, 2006 WL 1771815, at *1, *5 (Tex. App.—Houston [1st Dist.] June 29, 2006, no pet.) (mem. op., not designated for publication) (approving $800,000 bail set for possession with intent to deliver over twenty kilograms of cocaine and $500,000 for possession of approximately 600 pounds of marihuana); *Ex parte Cuevas*, No. 11–03–00402–CR, 2004 WL 527960, at *1, *5 (Tex. App.—Eastland Mar. 18, 2004, no pet.) (not designated for publication) (approving $1,000,000 set in organized-crime-theft case).

### *Ability to make bail*

The ability of an accused to post bail is a factor to be considered, but the inability to make the bail set by the trial court does not automatically render the bail excessive. *See Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim. App.

1980); *Sabur–Smith*, 73 S.W.3d at 440. This is true even if the accused is indigent. *Charlesworth*, 600 S.W.2d at 317. If the ability to make bail in a specified amount controlled, the role of the trial court in setting bail would be unnecessary, and the accused would be able to set his own bail. *Hunt*, 138 S.W.3d at 506.

Appellant presented some evidence that he could not afford to post bail. He testified that he had no assets and no job and that the bond company wanted him to put up $50,000 but that "there's no way" he could post that amount. He also testified that if the bail were lowered to $10,000, the bond company would expect him to put up three to four hundred dollars and that he thought he would be able to raise enough to do that. Based on the evidence in the record, the $500,000 bail set by the trial court is clearly above the financial resources available to Appellant to make bail. *See Sabur–Smith*, 73 S.W.3d at 440.

### *Future safety of the victim and the community*

The final statutory factor examines the safety of the victim and the community if the defendant were to be released on bail. *See* Tex. Code Crim. Proc. Ann. art. 17.15(5). In this case, it appears that the complainant reported to authorities that she and Appellant had engaged in sexual contact and intercourse on a summer night when she was under seventeen years of age. Appellant denied the allegations, but the DNA evidence went against him. There is no evidence of any aggravating factors to suggest that Appellant presents any danger to the complainant, and apart from Appellant's criminal history, discussed

11

below, there is little, if any, evidence that he poses a threat to the safety of the community if allowed to make bail.

**Other factors**

There is evidence in the record about Appellant's family, work record, length of residency, and other ties to the area. He testified that he has no house or real property but that he has lived all his life in Wichita Falls and that he has lived with his parents, sister and brother-in-law in the same house for the past ten years. There is evidence that he had worked at a Mexican restaurant, a Whataburger and McDonald's and thought he could reacquire employment at one of those establishments, but there was no showing how long he had ever held a job.

The most troubling aspect of this case is that for such a young man, Appellant has a significant criminal history, including charges that were still pending at the time of the hearing on his writ. He has prior adjudications as a juvenile for burglary of a habitation and, in fact, as an adult has been arrested more than once since those adjudications on similar charges. He has multiple arrests and some convictions for drug offenses and apparently continues to attract the attention of law enforcement when he is out on bond by continuing to commit drug-related offenses. Given his criminal history and evidence that he continues to commit offenses after being convicted for others and while on bond, it would not be outside the zone of reasonable disagreement for the trial court to set a fairly high bail and to impose conditions designed to inhibit further criminal

activity while Appellant is out on bond.  However, we cannot hold that a bail set at $500,000 is reasonable.

## Conclusion

On the above record, although some factors weigh in favor of setting a bail higher than would be set for a simple second-degree felony charge absent any criminal history, there is nothing in the record to support the half-a-million-dollar bail set in this case, which is far outside the range Texas courts have approved for second-degree felonies.  We hold that the trial court abused its discretion by denying Appellant's request to reduce bail from $500,000.  See *Ex Parte Brooks*, 376 S.W.3d 222, 223–24 (Tex. App.—Fort Worth 2012, pet. ref'd).

Accordingly, we reverse the trial court's order denying habeas relief and remand this case to the trial court to set a reasonable bail; to determine what conditions, if any, to impose; and to allow both the State and Appellant the opportunity to present any additional evidence or argument that the trial court deems appropriate to assist it in determining reasonable bail and conditions, if any.  Tex. R. App. P. 43.6; *see Brooks*, 376 S.W.3d at 223–24.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 12, 2014

13