Ex parte Faye **BUFKIN**, Juan De la Cruz and Richard Bowker.

No. 55067.

Court of Criminal Appeals of Texas.

July 6, 1977.

Michael F. Lynch, Austin, for appellant.

---

Ronald D. Earle, Dist. Atty., and Richard E. Banks, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal by three appellants seeking relief from an order of the 147th District Court of Travis County setting the bail of each at $150,000. Appellants are jointly under indictment for criminal conspiracy to commit capital murder, a first degree felony. V.T.C.A. Penal Code, Sec. 15.02. Due to their inability to furnish bail in the sum fixed by the court, each is now confined in the county jail of Travis County.

On May 4, 1977, appellants were arrested in Austin and charged with the first degree felony of criminal conspiracy to murder peace officer J. Wolsch. Bail for each appellant was set at $200,000. At a hearing in the 147th District Court on their applications to reduce the amount of bail, the court heard evidence and granted their applications to the limited extent that bail of each was reduced to $150,000.

The only evidence introduced by the State at the hearing was the indictment charging appellants with the aforementioned felony. There was no evidence introduced as to any of the facts or details of the alleged offense.

The undisputed evidence reflects that appellant Bowker is an experienced and competent carpet installer, residing and employed in Austin at the time of his arrest. He has two children living in Houston with his wife by a former marriage, whom he visited regularly and for whose support he contributed $200 monthly. Hardy Fields, his employer, testified that should Bowker be released from jail pending trial Fields would reemploy him and he "would want to know with whom he is running around, and this sort of thing, you know." Bowker testified he had been placed on five years' probation when he was 17 years of age, which was 15 years before this hearing, and that he had completed that term without incident and had not been in trouble with the law since.

Appellant Bufkin, 24 years of age, and divorced, sister of appellant Bowker, lived in Houston with her 3 year old daughter, and was at the time of her arrest employed at a "family type club" bar in Houston. She averaged making $900 a month as such employee. If released from jail she could get her job back, and she would go to Houston to take care of herself and daughter. She had no past criminal record.

Appellants Bowker and Bufkin and members of their families testified that efforts to make bond in the sum of $200,000 had been fruitless and that the highest bail each could make was $20,000.00.

Appellant De la Cruz, 32 years old, lived in Sugarland with his wife of 13 years and their three children. He owned his home, on which he was making payments, and another piece of property in Sugarland, also mortgaged. He was honorably discharged from the army in 1966 as a sergeant, attended college, and lacked 13 hours of securing a degree in elementary education. He is a member of the Disabled American Veterans, Veterans of Foreign Wars, and the American Legion. When he was fifteen years old he "had a little trouble while a juvenile—a bunch of kids drinking, or something like that." Otherwise, he had no criminal record. He testified he could secure employment with "Imperial Sugar Company" where he had worked, if released from jail. The record reflects that all efforts for him to make a $200,000 bond had failed, and that the highest bail he could make was $15,000 or $20,000.

Other than the evidence of the bare fact of the indictment presented by the Travis County grand jury and the arrests, the record presents no effort by the State to suggest that any of the appellants would not appear in court for trial or for any hearing in their case.

Art. 17.15, V.A.C.C.P., Rules for filing amount of bail, provides:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

Although the indictment charges the appellants with the first degree felony of conspiracy to commit capital murder, we are unable, in the absence of evidence, to determine any of the circumstances under which the State expects to show the offense was committed. See *Ex parte Cevallos,* Tex.Cr.App., 537 S.W.2d 744; *Ex parte Taylor,* Tex.Cr.App., 531 S.W.2d 335. The nature of the offense involves the punishment permitted by law. See *Ex parte Clark,* Tex.Cr.App., 537 S.W.2d 40. The punishment for a first degree felony is life or a term of not less than 5 nor more than 99 years. V.T.C.A. Penal Code, Sec. 12.32.

It is well established that ability or inability to make bail does not, alone, control in determining the amount; however, it is an element to be considered along with the others named in Art. 17.15, V.A.C. C.P., supra. *Ex parte Clark,* supra; *Ex parte McClellan,* Tex.Cr.App., 545 S.W.2d 483. While bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, the power to require bail is not to be used so as to make it an instrument of oppression. See Art. 17.15(1), and (2), supra; *Ex parte Kerr,* Tex.Cr.App., 549 S.W.2d 6; *Ex parte Clark,* supra.

Taking into consideration all of the foregoing, we find the bail set by the trial court is excessive. It is ordered reduced, and bail is set for each appellant in the sum of $15,000.

It is so ordered.

Opinion approved by the Court.

ODOM, J., concurs, but would set the amount of bail at $25,000.

DOUGLAS, J., dissents.