ACCEPTED
03-15-00277-CR
6183250
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/22/2015 4:12:25 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00277-CR

IN THE COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/22/2015 4:12:25 PM
JEFFREY D. KYLE
Clerk

**ROBIE LEE LAWHON**
**Appellant**

vs.

**THE STATE OF TEXAS**
**Appellee**

On appeal from the 20th Judicial District Court of Milam County, Texas
The Honorable John Youngblood, Judge Presiding
Cause No. 24,712

**APPELLANT'S BRIEF**

*Counsel of Record:*

Tyler Pennington
State Bar No. 24076617
Pennington Law PLLC
106 S. Harris St. Suite 125
Round Rock, TX 78664
PH: (512) 255-2733
FAX: (866) 736-3690
tyler@penningtonlawpllc.net
ATTORNEY FOR APPELLANT

# INDENTITY OF PARTIES AND COUNSEL

PARTIES TO THE JUDGMENT:

APPELLANT:     Robie Lee Lawhon
            Milam County Jail
            512 N. Jefferson Ave.
            Cameron, TX 76520

APPELLEE:      W.W. Torrey
            District Attorney
            District Attorney's Office of Milam County, Texas
            204 N. Central
            Cameron, TX 76520
            PH: (254) 697-7013
            FAX: (254) 697-7016
            wwtorrey@milamcounty.net

PRESIDING JUDGE:   The Honorable John Youngblood

DEFENSE TRIAL COUNSEL: Tyler Pennington
            106 S. Harris St., Suite 125
            Round Rock, TX 78664

TRIAL PROSECUTORS:  W.W. Torrey
            District Attorney Milam County, Texas
            204 N. Central
            Cameron, TX 76520

APPELLANT COUNSEL:  Tyler Pennington
            Pennington Law PLLC
            106 S. Harris St., Suite 125
            Round Rock, TX 78664
            PH: (512) 255-2733
            FAX: (866) 736-3690
            tyler@penningtonlawpllc.net

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL...................................................i

TABLE OF CONTENTS....................................................................ii

INDEX OF AUTHORITIES................................................................iii

STATEMENT OF CASE....................................................................iv

STATEMENT REGARDING ORAL ARGUMENT..................................v

ISSUE PRESENTED.........................................................................v

THE TRIAL COURT ABUSED ITS DISCRETION BY SETTING EXCESSIVE
BAIL IN VIOLATION OF THE UNITED STATES AND TEXAS
CONSTITUTION AND ARTICLE 17.15 OF THE TEXAS CODE OF
CRIMINAL PROCEDURE

STATEMENT OF FACTS....................................................................1

SUMMARY OF THE ARGUMENT.......................................................3

ARGUMENT AND AUTHORITIES....................................................3-11

PRAYER.....................................................................................11

CERTIFICATE OF SERVICE.............................................................12

CERTIFICATE OF COMPLIANCE WITH WORD LIMIT..........................12

# INDEX OF AUTHORITIES

## TEXAS CASES

*Ex Parte Jamell D. Brooks*, 376 S.W.3d 222 (Tex.App.-Fort Worth 2012) ....3, 4, 5, 8, 9, 10

*Ex Parte Richard Emil Rubac*, 611 S.W.2d 848 (Tex.Crim.App. 1981) ..........3, 6, 7

*Ex Parte Faye Bufkin, Juan De la Cruz and Richard Bowker*, 553 S.W.2d 116 (Tex.Crim.App. 1977) .......................................................................5, 6, 7

*Montalvo v. State*, 315 S.W.3d 588, 592-93 (Tex.App.-Houston [1st Dist.] 2010, no pet.) ......................................................................................10

## STATUTES AND RULES

TEX. PEN. CODE §19.04 ..........................................................................iv

TEX. PEN. CODE §22.01(a)(1) ..................................................................iv

U.S. CONST. AMEND VIII ..................................................................V, 3, 4, 11

TEX. CONST. ART. I, § 13 ..................................................................V, 3, 4, 11

TEX. CODE CRIM. PROC. ANN. ART. 17.15 ...........................V, 3, 5, 8, 11

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW, Robie Lee Lawhon, Appellant, and respectfully submits this brief alleging error from a Writ of Habeas Corpus Seeking Bail Reduction for a Second Degree Felony Manslaughter.

## STATEMENT OF THE CASE

Robie Lee Lawhon was indicted under TEX. PEN. CODE §19.04 for two second-degree felony manslaughter offenses. (CR1: 3). The Writ of Habeas Corpus Seeking Bail Reduction also sought to reduce the bond on a second-degree felony assault causing serious bodily injury in violation of TEX. PEN. CODE § 22.02(a)(1). Mr. Lawhon has not been indicted on the assault causing serious bodily injury Robie Lee Lawhon's bond was set at $250,000 for each count of manslaughter and $100,00 for the assault causing serious bodily injury. (CR1: 8).

Mr. Lawhon, through undersigned counsel, filed a Writ of Habeas Corpus Seeking Bail Reduction on all three cases. A hearing on all three motions was conducted in front of the Honorable John Youngblood on April 30, 2015. At the conclusion of the hearing the judge reduced Mr. Lawhon's bond to $150,00 for each manslaughter case and $20,000 for the assault causing serious bodily injury, totaling $320,000.00. (CR1: 12; RR1: 25). A Notice of Appeal on each case was timely filed on May 8, 2015. (CR1: 15). The briefs for this cause, *03-15-00277-*

*CR*, and the briefs in cause numbers *03-15-00265-CR* and *03-15-00288-CR* are being submitted separately, however they are substantively the same since all cases involve the same issues of fact and law.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument will not aid the court's decisional process in this appeal

## ISSUE PRESENTED

THE TRIAL COURT ABUSED ITS DISCRETION BY SETTING EXCESSIVE BAIL IN VIOLATION OF THE UNITED STATES AND TEXAS CONSTITUTION AND ARTICLE 17.15 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

## STATEMENT OF THE FACTS

The State indicted Robie Lee Lawhon on two counts of second-degree felony manslaughter on March 19, 2015. (CR1: 3). Upon his arrest on April 14, 2015, his bond was set at $250,000 for each case. On the same date a $100,00.00 bond was also set on a second-degree felony assault causing serious bodily injury. (CR1: 8). To date, Mr. Lawhon has not been indicted on the second-degree felony assault causing serious bodily injury.

On April 23, 2015, Mr. Lawhon, through undersigned counsel filed three *Application for Habeas Corpus Bail Reduction Motions*. (CR1: 9). On April 30, 2015, the hearing on those motions was heard by the 20th District Court of Milam County, the Honorable Judge Youngblood presiding. At the hearing, the trial court heard testimony from Catherine Jean Martinez, Mr. Lawhon's mother; Linda Matysek, a long time family friend of Mr. Lawhon and Mr. Lawhon's friend's mother; and Lisa Roden from Rockin R and Pistol Bail Bonds. Mr. Lawhon did not testify. (RR1: 1-23)

Catherine Martinez testified at the hearing that Mr. Lawhon has resided at either her house or his grandmother's house in Milam County, Texas, for the last twenty-two years. She further testified that Mr. Lawhon graduated from Rockdale High School (located in Milam County, Texas) in 2010 and has consistently maintained successful employment since his high school graduation. Ms. Martinez

1

stated that she would allow Mr. Lawhon to reside at her house if released on bond. She also stated that Mr. Lawhon had cooperated with the Texas Department of Public Safety (DPS) during their nearly year long investigation before he was taken into custody and that he never missed one appointment with DPS in regard to their investigation. (RR1: 8-15).

There was evidence presented that Mr. Lawhon had previously been on deferred adjudication for possession of a controlled substance and that he successfully completed deferred adjudication with no violations. Mr. Lawhon has no other criminal history outside of the deferred adjudication. Mr. Lawhon never missed a court appearance for that case and never failed to make a meeting with probation. (RR1: 11, 13).

Catherine Martinez testified that their family has been unable to secure the funds necessary to pay for the bonds. She further testified that they have been unable to secure a loan or sell property in a sufficient amount to pay the bonds. Ms. Martinez testified that she could afford bonds in the range of $5,000 per case. (RR1: 10-11, 13-14)

Linda Matysek testified that she has known Mr. Lawhon since he was fifteen years old and went to high school with her son. She further testified that Mr. Lawhon was a helpful kid and believed that his reputation in the community was

2

"fine". She has never had any legal problems with Mr. Lawhon. She also indicated that she would be willing to help him appear at court if necessary. (RR1: 16-17).

Lisa Roden a local bail bonds owner testified that she has spoken with Mr. Lawhon's family about his bond. She testified that she has written a bond on a different manslaughter case in which an out-of-state defendant had his bond reduced to $10,000.00. She further testified that she is unable to write a bond over $50,000.00 for each of Mr. Lawhon's cases. Mrs. Roden testified that she did not believe that Mr. Lawhon was a flight risk and that he would show up to court and "do the right thing." (RR1: 19-21).

The State called no witnesses at the hearing, and only the evidenced the stated introduced was a copy of the Probable Cause Affidavit.

## Summary of the Argument

**First Issue:** The trial court abused its discretion by setting excessive bail in violation of the United States and Texas Constitution and Article 17.15 of the Texas Code of Criminal Procedure.

## Argument and Authorities

The trial court's ruling is reviewed under an abuse of discretion standard. *Ex Parte Jamell D. Brooks*, 376 S.W.3d 222, 225 (Tex.App.-Fort Worth 2012) (Gabriel, L. dissenting) *quoting Ex Parte Richard Emil Rubac, 611 S.W.2d 848 (Tex.Crim.App. 1981) and Clemons v. State,* 220 S.W.3d 176, 178 (Tex.App.-Eastland 2007, no pet.).

3

To determine whether the trial court abused its discretion, the Court of Appeals must decide whether the trial court acted without reference to any guiding principles and if the act was arbitrary or unreasonable. The burden of proof is upon the applicant who claims bail was excessive. *Ex Parte Jamell D. Brooks*, 376 S.W.3d 222, 225 (Tex.App.-Fort Worth 2012) (Gabriel, L. dissenting) *quoting Ex parte Hunt*, 138 S.W.3d 503,505 (Tex.App.-Fort Worth 2004, pet. Ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372,380 (Tex.Crim.App.1990)).

In setting bail, the trial court must strike a balance between a defendant's presumption of innocence and the State's interest in assuring the defendant appears at trial. *Ex Parte Jamell D. Brooks*, 376 S.W.3d 222, 225 (Tex.App.-Fort Worth 2012) (Gabriel, L. dissenting) *quoting Ex parte Beard*, 92 S.W.3d 566, 573 (Tex.App.-Austin 2002, pet. Ref'd). Both the United States Constitution and the Texas Constitution prohibit excessive bail. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 13. Bail is excessive it if is "set in an amount greater than is reasonably necessary to satisfy the government's legitimate interests." *Id.*

The Court should consider the following criteria when establishing a defendant's bond: 1) the bail shall be sufficiently high to reasonably assure compliance; 2) the bail shall not be used as an instrument of oppression; 3) the bail shall reflect the nature of the offense and the circumstances under which it was committed; 4) the bail shall take into account the ability of the defendant to make

4

the bail and the evidence proffered on this point; and 5) the bail shall assure the future safety of the victim of the alleged offense and the community. TEX. CODE CRIM. PROC. ANN. ART. 17.15.

The Texas Court of Criminal Appeals, stated that in determining whether bond set by the trial court is excessive the court should weigh: 1) the accused's work record; 2) the accused's family ties; 3) the accused's length of residence; 4) the accused's prior criminal record, if any; 5) the accused's conformity with the conditions of any previous bond; 6) the existence of any outstanding bonds, if any; and 7) aggravating circumstances alleged to have been involved in the charged offense. *Brooks*, 376 S.W.3d at 223.

In *Ex Parte Faye Bufkin, Juan De la Cruz and Richard Bowker*, 553 S.W.2d 116 (Tex.Crim.App. 1977), the State presented evidence at the bail reduction hearing that each appellant had been charged with first degree felony conspiracy to commit capital murder, punishable by five to ninety-nine years in the Texas penitentiary. Each appellant's bail was set at $150,000. In *Bufkin,* the only evidence the State introduced at the hearing was the indictment charging the appellants with the offense. The State presented no evidence about the facts or details of the alleged offense. *Bufkin* 553 S.W.2d at 117.

The appellants in *Bufkin* introduced undisputed evidence that appellant Bowker was gainfully employed and had stable housing. There was also evidence

5

introduced that fifteen years prior to the current offense, Bowker had been placed on a five-year probation, which he successfully completed. Bowker had not been in any trouble since successfully completing probation. *Id.*

Similarly, the undisputed evidence presented by appellants Bufkin and De la Cruz showed they had no criminal history, stable housing and employment. De la Cruz also presented evidence that his efforts to make the $200,000 bail had been unsuccessful and that the highest bail he could make would be $15,000 or $20,000. The record in *Bufkin* contained no evidence by the State that the appellants would not appear for court. *Id.*

Taking into consideration all of the above, the Court of Criminal Appeals in *Bufkin* found that the $150,000 bail set by the trial court was excessive and reduced the bail set for each appellant at $15,000. *Id* at 118.

In *Ex Parte Richard Emil Rubac*, 611 S.W.2d 848 (Tex.Crim.App. 1981), *Rubac* was appealing a ten-year sentence on the following convictions: possession with intent to distribute methamphetamine, possession with intent to deliver methamphetamine, and possession of LSD. The trial court set the appeal bond for *Rubac* at $100,000. *Rubac*, 611 S.W.2d at 849.

At the hearing to reduce the $100,000, *Rubac* presented evidence that he had complied with the conditions of his previous bonds and that he had made all court appearances required of him. The record also contained evidence that appellant had

no prior criminal history and had a significant amount of education. The only evidence introduced by the State was on cross-examination in an attempt to show that the bail would only cost Rubac $7,500. Appellant presented evidence that he only had about $3,000 to use for appeal bond on the case. *Id.*

Based on the above facts in *Rubac*, the Court of Criminal Appeals found that there were no aggravating factors surrounding the offense, that *Rubac* had no prior criminal history, that *Rubac* had a limited ability to make bail, that Rubac was educated and had the ability to pursue gainful employment, that *Rubac* had previously conformed to the conditions of his prior bond, and that *Rubac* had familial ties to the area. Therefore, they found the trial court abused its discretion in setting the bail at $100,000 and reduced the bail to $25,000. *Id* at 850.

Similar to *Bufkin* and *Rubac*, the evidence presented in Mr. Lawhon's bond reduction hearing showed that he has been a twenty-two year resident of Milam County and that he was gainfully employed in the past and at the time of the current offense. The records further showed his relatively little criminal history, which included only one prior deferred adjudication, which he successfully completed without incident. (RR1: 8-9, 11, 13).

Also like the testimony in *Rubac*, testimony from Mr. Lawhon's mother indicated there efforts to make the current bond amounts had been unsuccessful. Testimony by bail bond company owner, Lisa Roden, indicated she had been

working with Mr. Lawhon's family regarding the bond. Ms. Roden further testified she would be willing to write the bond because she didn't believe Mr. Lawhon was a "flight risk" and that she has no doubt "that he's going to show up to court and do the right thing." Furthermore, Ms. Roden testified that she was unable to write anything over a $50,000 bond. (RR1: 10-11, 13-14, 19-21).

The State presented no evidence disputing the above facts. The State did not dispute that Mr. Lawhon cooperated with DPS during their investigation of the offense and never missed any appointments at DPS' request. Mr. Lawhon even turned himself in at the request of DPS. (RR: 10-12).

Although the trial court reduced Mr. Lawhon's bond at the bond reduction hearing, it still set the bond outside the realm of attainability for Mr. Lawhon and his family. Considering all the factors under TEX. CODE CRIM. PROC. ANN. ART. 17.15, in its ruling, the only factor the trial court held against bond reduction to an affordable amount for Mr. Lawhon was the nature of the alleged offense. When a court reviews the appropriate bail for a particular offense, appellate courts often compare bail amounts in other cases of the same degree. This is relevant because offenses of the same degree carry the same punishment range, which is a proper consideration in determining the nature of the offense charged. *Brooks*, 376 S.W.3d at 227. In Mr. Lawhon's case, the bail bond company owner, Lisa Roden, testified that she has written a $10,000 bond out of the same court for a previous

manslaughter case. (RR1: 20). The evidence in that case indicated that the defendant lived out of state, which would make him a higher flight risk than Mr. Lawhon, who has consistently lived in the Milam County area for twenty-two years.

Furthermore, there was undisputed evidence that Mr. Lawhon had a good work history (having stable employment since high school and at the time of the incident), strong ties to the community and lengthy residence in Milam County (having family in the Milam County area and himself being a Milam County resident for twenty-two years), minimal criminal history (one prior possession of controlled substance in which he successfully completed deferred adjudication), and compliance with previous bond and probation conditions (evidence that he never missed previous court dates, probation meetings, and fully cooperated with DPS during their investigation of this case). (RR1: 8-18). There was no evidence presented about aggravating factors in the present offense. *See Brooks*, 376 S.W.3d at 223.

There was no evidence presented that the excessively high bonds in Mr. Lawhon's three cases are necessary to assure his appearance in court or necessary to protect the safety of the victim or the community, nor was there any evidence of the specific circumstances or aggravated circumstances surrounding the event. The State only presented specifics regarding the offense through the Probable Cause

Affidavit introduced into evidence. Based on the facts from the hearing and the applicable law, Mr. Lawhon's bail is "greater than reasonably necessary to satisfy the government's legitimate interests." *See Brooks*, 376 S.W.3d at 225.

An abuse of discretion review requires more than the appellate court simply deciding that the trial court did not act arbitrarily or capriciously. The appellate court must measure the trial court's ruling against the relevant criteria by which the ruling was made. *Montalvo v. State*, 315 S.W.3d 588, 592-93 (Tex.App.-Houston [1st Dist.] 2010, no pet.).

Although the trial court in this case lowered Mr. Lawhon's bonds from $250,000.00 to $150,000.00 for each manslaughter case and from $100,00.00 to $20,000.00 for the assault causing serious bodily injury case (RR: 1 25, CR1: 12), there ruling was both arbitrary and without guiding principles. No evidence was presented by the State that the bail amount set was necessary to ensure Mr. Lawhon's compliance. The Court's ruling even stated that Mr. Lawhon has cooperated with the investigation and shown up when requested, along with appearing in the past when required to do so. (RR: 24). This evidence alone shows that he has complied with previous bond conditions. *See Brooks*, 376 S.W.3d at 223.

Mr. Lawhon's family testified that they were unable to make the current bail amounts and that they could only afford a bond in the area of $5,000.00 for each

case. (RR1: 11). Lisa Roden testified that she is unable to write a bond that exceeds $50,000.00. (RR1: 20-21). Additionally, the court set one bond (second-degree assault) $130,000.00 higher than the bond on the other two cases (second-degree manslaughter). (RR: 1 25, CR1: 12). However, the Court did not make any mention of the ability of Mr. Lawhon to make the current bail or the ability of a bond company that could write the bail amounts set in its ruling. (RR1: 24-25).

One can only presume from the court's ruling that the court used the bail as an instrument of oppression. The court's only reference to any of the legal criteria was to the seriousness of the offense, making it clear that they court only took into account this factor while ignoring the other relevant factors under TEX. CODE CRIM. PROC. ANN. ART. 17.15.

Applying the above facts against the relevant criteria considered in the bond reduction ruling, Mr. Lawhon has sufficiently met his burden in showing the trial court abused their discretion by setting excessive bail in violation of the United States and Texas Constitution and Article 17.15 of the Texas Code of Criminal Procedure.

## PRAYER

WHEREFORE, PREMISIS CONSIDERED, Appellant Robie Lee Lawhon, asks the court to: reduce the bond in Cause numbers *03-15-00277-CR*, *03-15-00265-CR* and *03-15-00288-CR*.

11

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of this brief was served by mail to counsel for the State, W.W. Torrey, District Attorney, Milam County District Attorney's Office 204 N. Central Cameron, TX 76520, PH: (254) 697-7013, FAX: (254) 697-7016 on July 22, 2015 via facsimile transmission.

Tyler Pennington
Attorney for Appellant


## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

The undersigned counsel represents that they have relied on the word count tool in the Word document and that this brief is a total of 2595 words.

Tyler Pennington
Attorney for Appellant