COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Ex parte Juan Carlos Acevedo

Appellate case number:   01-17-00030-CR

Trial court case number: 2109205

Trial court:             County Criminal Court at Law No. 9 of Harris County

Appellant, Juan Carlos Acevedo, has filed a notice of appeal of the December 16, 2016 order denying his application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (Vernon 2015). The Clerk of the Court has examined the clerk's record and found that it does not comport with the Texas Rules of Appellate Procedure because the certification of appellant's right to appeal is defective. This order is notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

The certification states that this "is a plea-bargain case" and "[t]he defendant waived the right to appeal as part of the plea proceeding in this case." However, the record in this appeal does not reflect a bargained-for waiver of appellant's right to appeal the order denying his application for a writ of habeas corpus. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *see also Ex parte Garcia*, 100 S.W.3d 243, 245 n.1 (Tex. App.—San Antonio 2001, no pet.) (noting "habeas corpus proceedings are separate and distinct from the underlying criminal case").

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See id.* 25.2(f), 34.5(c)(2), 37.1, 44.4.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's

counsel, Ruben Franco, Jr., shall be present.  Appellant shall also be present for the hearing.[1]

We direct the trial court to:

1) execute an amended certification of appellant's right to appeal, indicating whether appellant has the right of appeal;
2) make any other findings and recommendations the trial court deems appropriate; and
3) enter written findings of fact, conclusions of law, and recommendations as necessary, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), 37.1.  The trial court coordinator shall set a hearing date and notify the parties.  The trial court shall have a court reporter, or court recorder, record the hearing.

The trial court clerk is directed to file a supplemental clerk's record containing the amended certification of appellant's right of appeal, and any findings and recommendations the trial court deems appropriate.  The supplemental clerk's record shall be filed with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).  The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order.  If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when records that comply with this order are filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature: _/s/ Terry Jennings
                    ☑ Acting individually     ☐ Acting for the Court


Date:  February 2, 2017

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  At his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.